Honorable Mary Estill Buchanan Secretary of State 1575 Sherman Street, 2d Floor Denver, Colorado 80203
Dear Mrs. Buchanan:
You have requested an opinion on certain positions regarding the Campaign Reform Act. Your questions will be answered in the order asked.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Your opinion is requested on whether unions and other associations such as the Chamber of Commerce or the American Association of University Women must report under the Campaign Reform Act in the same and exact manner as do corporations.
 The treasurer of a political committee is required to file reports of all contributions received and expenditures made by that political committee. C.R.S. 1973, 1-45-108(1).
2. If the answer (to question 1) is "yes," if a local affiliate (either union or member organization) only makes contributions directly to its parent political committee (a state organization or union) does it still have to file its own separate disclosure reports?
 Whether a given local affiliate is a distinct entity sufficient to warrant its being defined as a political committee depends upon each organization or association. Generally, however, local unions, corporate subsidiaries, or local chapters of most associations would independently fall within the definition of a political committee.
3. If local union or member organizations must also file as political committees, must contribution records be kept year round on each individual member in case such dues/assessments/contributions might reach the reporting itemization threshold of $25, even though corporations who also report as political committees on expenditures form corporate funds do not itemize contributions?
 Your question must be answered based upon the facts in each specific situation. There can be no generalized response.
ANALYSIS
Regarding question #1, a political committee is defined in C.R.S. 1973, 1-45-103(10) as follows:
 "Political committee" means any two or more persons who are elected, appointed, or chosen or who have associated themselves or cooperated for the purpose of accepting contributions or contributions in kind or making expenditures to support or oppose a candidate for public office at any election or seek to influence the passage or defeat of any issue. . . . "Political committee" also . . . includes an organization or association formed principally for some other purpose insofar as it makes contributions or contributions in kind or expenditures. (Emphasis added.)
A labor union making contributions, contributions in kind, or expenditures, which was formed principally for some other purpose, is clearly included in the definition of a political committee. Also included are associations such as the Chamber of Commerce and the American Association of University Women, so long as they make contributions, contributions in kind or expenditures. Because unions and associations, as well as corporations, can be "political committees," they must file reports when and as required by C.R.S. 1973, 1-45-108(1) and (5).
Regarding question #2, assuming that both the local and the parent are political committees, the Campaign Reform Act clearly states that a transfer of contribution from one to the other is deemed as an expenditure by the donor political committee and a contribution to the donee political committee, C.R.S. 1973,1-45-103(4):
 "Contribution" includes a transfer of any money between one political committee and another; . . . . Any transfer of money between political committees is an expenditure by the political committee which dispenses the money and is a contribution to the political committee which receives the money.
Therefore a local affiliate which is a political committee and which only makes contributions to its parent political committee is required to file its own separate report pursuant to C.R.S. 1973, 1-45-108(1).
Regarding question #3, the requirement to which you refer is found in C.R.S. 1973, 1-45-108(4), which lists the information to be included in reports filed under the Campaign Reform Act. The provision relevant here is C.R.S. 1973, 1-45-108(4)(b) which reads as follows:
 The name and address of each person who has made an aggregate contribution to or for such candidate or political committee within the reporting period in excess of twenty-five dollars or a contribution in kind in excess of one hundred dollars, together with the amount and date of such contribution, or a chronological listing of all contributions and contributions in kind, including the name and address of each contributor;
The critical terms for purposes of answering your question are "contributions" and "contributions in kind." These definitions are included in C.R.S. 1973, 1-45-103(4) and (5):
 (4) "Contribution" means a gift, loan, pledge, or advance of money or a guarantee of a loan made to or for any candidate or political committee for the purpose of influencing the passage or defeat of any issue or the nomination, retention, election, or defeat of any candidate. . . .
 (5) "Contribution in kind" means a gift or loan of any item of real or personal property, other than money, made to or for any candidate or political committee for the purpose of influencing the passage or defeat of any issue or the nomination, retention, election, or defeat of any candidate. . . .
The person making the gift, loan, pledge, or advance of money must do so for the purpose of influencing the passage or defeat of any issue or of influencing the nomination, retention, election or defeat of any candidate. Thus the definitions of contribution and contribution in kind require either a specific intent or a knowledge that the gift, loan, pledge, or advance of money is to be used for the purposes set forth in the definitions. Absent that intent or that knowledge, there can be no contribution or contribution in kind.
The import of this analysis is that the union would be required to keep the records to which you refer only if the funds involved meet the statutory definition of contribution or contribution in kind.
Therefore, your question must be answered based upon the facts in each specific situation. There can be no generalized response.
Your question also included a statement as to the requirements of corporations to itemize contributions. A corporation which is also a political committee has the same responsibility for itemizing contributions and contributions in kind as any other political committee. If a "contribution" or "contribution in kind," as defined in the Campaign Reform Act, is made to a corporation-political committee, it should be itemized as required by C.R.S. 1973, 1-45-108.
I hope this response will be helpful.
SUMMARY
A labor union may be a political committee for purposes of the Campaign Reform Act, as may a local chapter of a national union which makes contributions to its parent political committee and must file a separate report. A local chapter must itemize contributions by individuals in excess of $25 where the requisite statutory intent exists.
Very truly yours,
 STEPHEN H. KAPLAN Assistant Attorney General General Legal Services Section
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
SECRETARY OF STATE ELECTIONS POLITICAL COMMITTEES
C.R.S. 1973, 1-45-108(1) and (4)
SECRETARY OF STATE DEPT. Elections, Div. of
A labor union may be a political committee for purposes of the Campaign Reform Act, as may a local chapter of a national union which makes contributions to its parent political committee and must file a separate report. A local chapter must itemize contributions by individuals in excess of $25 where the requisite statutory intent exists.